## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES ALLEN STRAIT, JR.,**                    :

          **Petitioner**                    :          **CIVIL ACTION NO. 4:05-2611**

    **v.**                    :                              **(MCCLURE, D.J.)**
                                             **(MANNION, M.J.)**

**JEFFREY A. BEARD, Secretary**                    :
**Pennsylvania Department of**
**Corrections, and ATTORNEY**                    :
**GENERAL OF PENNSYLVANIA,**

                                    :

          **Respondents**                    :

                                    :

## REPORT AND RECOMMENDATION

On December 19, 2005, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The proper filing fee was submitted on December 21, 2005.

On December 28, 2005, an administrative order was issued in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). On January 9, 2006, the petitioner filed correspondence in response to the court's administrative order, in which he indicated that he wished to proceed with his petition as filed.

An order to show cause was issued on January 10, 2006. Prior to a response being filed, on February 6, 2006, the petitioner filed supplemental materials in support of his petition. On February 9, 2006, a response to the petition, a brief in opposition to the petition, and an appendix were filed by the respondents. The petitioner filed a traverse on February 23, 2006.

By way of background, the petitioner entered a plea of guilty on August

22, 2002, to one count of possession with intent to deliver cocaine.  On September 26, 2002, the petitioner was sentenced to five to ten years of incarceration.  In addition, he was sentenced to pay the costs of prosecution and to pay restitution in the amount of $760.

The petitioner did not file any post-sentence motions.  He did, however, file a direct appeal in the Pennsylvania Superior Court from the sentence imposed.  In considering the petitioner's appeal, the Pennsylvania Superior Court set forth the following history:

> The relevant facts and rather convoluted procedural history of this matter are as follows.  On August 22, 2002, Appellant, represented by Attorneys Thomas Farley and Robert Bernathy, entered a negotiated guilty plea to [possession of crack cocaine with intent to deliver] from an incident occurring on April 3, 2002, wherein Appellant sold crack cocaine to a confidential informant in a controlled buy observed by Trooper Mark Keyes of the Pennsylvania State Police.  At the guilty plea hearing, Trooper Keyes summarized the evidence against Appellant in open court and Appellant testified that Trooper Keyes' testimony was correct.  (N.T. Guilty Plea Hearing, 8/22/02, at 3.)  Appellant also testified that he had initialed each page of a nine-page written guilty plea colloquy and signed the last page indicating that he was voluntarily and knowingly entering the guilty plea.  (**Id.** at 4.)  He further testified that he understood that the crime to which he was pleading guilty was a felony and that the court could sentence him up to 10 years in prison plus a $100,000 fine and that because of his prior convictions, the court could sentence him to twice the term of imprisonment authorized by statute.  (**Id.** at 5.)
>
> Appellant raised no objection at his sentencing hearing on September 26, 2002, nor did he file any post-sentence motions. Attorney Bernathy filed a timely notice of appeal on Appellant's behalf and, on

2

October 30, 2002, the trial court entered an order directing him to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Appellant's counsel failed to file a 1925(b) statement, however, and apparently withdrew from his representation of Appellant[1].

On March 21, 2003, Appellant filed a *pro se* petition for allowance to file a concise statement of matters complained of on appeal *nunc pro tunc*, arguing that his counsel was ineffective in having failed to filed (sic) a timely 1925(b) statement. On March 24, 2003, Judge Conway entered an order granting Appellant's motion. On April 10, 2003, Appellant moved for appointment of new counsel to represent him in his direct appeal and this Court, *per curiam*, entered an order directing the trial court to determine Appellant's eligibility for court-appointed counsel. On April 16, 2003, following an interview and investigation of Appellant's eligibility for court-appointed counsel, the trial court appointed Steven E. Burlein, Esquire to represent Appellant on direct appeal. Attorney Burlein failed to file a brief on Appellant's behalf, however, and on September 26, 2003, this Court entered an order dismissing Appellant's appeal.

Appellant timely filed a *pro se* motion for reconsideration of the order dismissing his appeal and seeking the appointment of new counsel. On December 4, 2003, this Court, *per curiam*, entered an order granting Appellant's motion and directing the trial court to appoint substitute counsel within 10 days. On December 5, 2003, Judge Conway appointed Scott B. Bennett, Esquire to represent Appellant. On March 25, 2004, however, this Court once again dismissed Appellant's appeal due to the failure of Attorney Bennett to file brief. Appellant timely filed a

---

[1]Here, the court noted that "the record contains neither a petition to withdraw from representation, nor an order granting such petition, but Appellant's *pro se* petition for allowance to file a concise statement of matters complained of on appeal *nunc pro tunc* indicates that his counsel had withdrawn from representation."

3

*pro se* motion for reconsideration of this Court's order dismissing his appeal and, on April 26, 2004, his appeal was reinstated and remanded to the trial court for appointment of yet another attorney.  On April 29, 2004, Judge Conway appointed Richard B. Henry, Esquire to represent Appellant in his appeal. On August 12, 2004, apparently in response to a *pro se* motion for allowance to submit briefs *pro se* filed by Appellant which is not contained in the record before us, this Court entered an order directing the trial court to conduct an on-the-record determination of whether Appellant's apparent waiver of counsel on appeal was knowing, intelligent, and voluntary. On August 23, 2004, Appellant filed a *pro se* Motion for Recusal, in which he alleged that Judge Conway was biased toward him and, together with the prosecutor, had violated Appellant's plea agreement by imposing a greater sentence than was agreed upon. In response, Judge Conway scheduled and conducted a hearing on August 26, 2004, following which the judge entered an order denying Appellant's Motion for Recusal, finding his waiver of counsel to be valid, and appointing Attorney Henry as standby counsel for Appellant to assist him in pursuit of his appeal. Despite Attorney Henry's appointment to assist him, Appellant filed a 30-page, handwritten brief, some of which is illegible and much of which is rambling.

In considering the petitioner's appeal, the Superior Court noted that the petitioner's statement of questions violated the mandate of Rule 2116[2] of the

---

[2]Rule 2116 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:

(a) General rule.  The statement of questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind.  It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon.  This rule is to be considered in the

(continued...)

Pennsylvania Rules of Appellate Procedure.  Although the court noted that it was within its power to quash an appeal for clear violations of the appellate rules, because the petitioner's brief was not so defective as to totally preclude effective appellate review, the court did not quash his appeal in its entirety. Instead, the court limited its review to petitioner's issues 1 through 3, which appeared in full on the first page of his statement of questions involved. These issues included:

> 1) Whether Appellant's issues for appeal are waived due to ineffective counsel?
>
> 2) Whether sentencing court erred as a matter of law by imposing two sentences for one [offense], and was sentencing illegal due to double jeopardy, and was counsel ineffective for failing to object?
>
> 3) Wither recidivist statute was barred as an [aggravating] factor in the sentence imposed, and did sentencing court err by using it as such, and was counsel ineffective for failing to object?

Citing to Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), the court found that the petitioner's claims of ineffective assistance of counsel were best left for collateral review by the trial court.  As a result, the court dismissed these claims without prejudice to raise the claims in a properly filed post-conviction petition in the trial court.

To the extent that the petitioner argued that the sentencing court erroneously imposed two sentences for one offense, thereby violating the

---

[2](...continued)
highest degree mandatory admitting of no exception.

double jeopardy clause of the Pennsylvania and United States Constitutions, the court found that the claims had no basis in the law[3].

Finally, to the extent that the petitioner challenged the discretionary aspects of his sentence, (i.e., whether the sentencing court erred by improperly considering his prior record when it imposed its sentence and by imposing a sentence that was the result of partiality, prejudice, or ill will), citing to Commonwealth v. Jones, 858 A.2d 1198, 1204 (Pa.Super 2004), the court found that these issues must be raised in a post-sentence motion or during the sentencing proceedings or they are waived.  Because the petitioner had failed to raise these claims in a post-sentence motion or during the sentencing, the court found that he had failed to preserve any challenge to the discretionary aspects of his sentence on appeal.

Given the above, the court dismissed the petitioner's ineffectiveness claims without prejudice to raise them in a subsequent post-conviction petition and otherwise affirmed his judgment of sentence.

The petitioner filed a petition for leave to appeal in the Pennsylvania Supreme Court, in which he set forth the following claims:

> 1.    Whether Sentencing Court erred as a matter of law by imposing two punitive sentences for one offense in violation of the Double Jeopardy Clause?

---

[3]Here, the court also found that the argument section of the petitioner's brief was in violation of Rule 2119 of the Pennsylvania Rules of Appellate Procedure.  The court considered the above arguments nonetheless.

6

2.    The Recidivist statute was legally and Constitutionally barred as a factor in the sentence imposed, and its use was illegal.

3.    Appellant's retained and/or appointed counselors rendered serial, "layered," ineffective assistance of counsel, in violation of his 6th and 14th Amendment rights.

4.    Whether Appellant's issues for appeal were waived due to the ineffective assistance of counsel.

5.    Whether the Pennsylvania Superior Court erred by not considering all issues raised with that Court on DIRECT appeal.

6.    The Prosecutor violated the terms of the Plea Agreement.

7.    Whether Sentencing Court erred in not recusing itself for bias.

8.    Whether the Sentencing Court abused its discretion, resulting in the imposition of an illegal sentence, and was this a denial of Due Process.

The petition was denied on October 5, 2005.

On December 19, 2005, the petitioner filed the instant action, in which he sets forth the same grounds for relief as were raised in his petition for allowance of appeal in the Pennsylvania Supreme Court.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A)  the applicant has exhausted the remedies available in the courts of the State; or

7

> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. §2254(b)(1).  Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts.  Id. at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication."  Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002).  The petitioner bears the burden of establishing that the exhaustion requirement has been satisfied.  Landano v. Rafferty, 897 F.2d 661, 670-671 (3d Cir. 1990).

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.2000), cert. denied, 531 U.S. 1082 (2001).  Although deemed

exhausted, such claims are nonetheless procedurally defaulted. Lines, 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. Harris v. Reed, 489 U.S. 255, 263 (1989); Werts, 228 F.3d at 192. A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Lines, 208 F.3d at 160.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates the following standards of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d)(1), (2).

A federal court may issue a writ of habeas corpus under §2254(d)(1)

only if it finds that the state court decision on the merits of a claim (1) was contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law.  Williams v. Taylor, 529 U.S. 362 (2000).

Under the AEDPA, a state court's factual determinations are presumed correct.  28 U.S.C. §2254(e)(1).  The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  Id. The presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

In ground one of the instant petition, the petitioner argues that the sentencing court erred as a matter of law by imposing two punitive sentences for one offense in violation of the Double Jeopardy Clause.  The petitioner argues that, in accordance with the plea agreement, a monetary penalty in the amount of $760 was imposed.  At sentencing, the petitioner argues, however, that this was improperly labeled as "restitution."  In addition, he argues that a further sentence of imprisonment was imposed, which was not part of the plea agreement, in violation of the Double Jeopardy Clause.  Although the petitioner argues that his sentence violates the Double Jeopardy Clause, he indicates that he does not wish to withdraw his guilty plea.  Instead, the petitioner requests that this court affirm the monetary penalty and vacate any term of imprisonment imposed.  The Pennsylvania Superior Court reviewed

this claim and found it to be without any basis in the law.  This court agrees.

Initially, the Supreme Court stated in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."  Id. at 73-74.

Here, the sentencing court determined that the petitioner's guilty plea was entered knowingly, voluntarily, and intelligently.  The petitioner, himself, does not challenge this finding and indicates that he does not wish to withdraw his plea.

Whether the amount to be paid by the petitioner is termed "restitution" or a "monetary penalty," the fact remains that the petitioner agreed to pay this amount as part of his plea agreement in exchange for the dismissal of various criminal charges.  In addition, despite his claims to the contrary, the written plea colloquy, which the petitioner indicated was explained to him and he understood, indicates that he could face incarceration of up to ten years as a result of his plea.  Orally, the petitioner was questioned regarding his knowledge and understanding of the fact that the court could sentence him to a term of incarceration and double the penalties provided based upon the petitioner's past convictions.  The petitioner indicated that he understood the potential penalties of incarceration.

11

The transcript of the petitioner's guilty plea hearing reflects the following exchanges:

> ATTORNEY LEHUTSKY: Mr. Strait, I'm going to show you a nine page document, it's got a heading on it, it says "Written Guilty Plea Colloquy". I'm going to ask you to take a look at that and please tell Judge Conway if those are your initials that appear at the bottom of all those pages?
>
> MR. STRAIT: Yes, they are, Your Honor.
>
> ATTORNEY LEHUTSKY: Now, have you had the opportunity to go over the entire form?
>
> MR. STRAIT: Yes.
>
> ATTORNEY LEHUTSKY: Have you had the chance to go over it with your attorney as well?
>
> MR. STRAIT: Yes, sir.
>
> ATTORNEY LEHUTSKY: Do you have any additional questions about this form?
>
> MR. STRAIT: No.
>
> ATTORNEY LEHUTSKY: Do you have any questions about these proceedings today?
>
> MR. STRAIT: No.
>
> ATTORNEY LEHUTSKY: Do you understand that as part of these proceedings you're entering a guilty plea to a charge of possession of crack cocaine with the intent to deliver it?
>
> MR. STRAIT: Yes.
>
> ATTORNEY LEHUTSKY: Do you understand that this crime is classified as a felony under Pennsylvania Law?

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: Do you also understand that because the substance involved is cocaine, that the penalty provided by statute for that is up to ten years and a $100,000.00 fine?

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: Do you also understand that the law would, that the law provides that Judge Conway may impose a term of imprisonment twice what was authorized because you had prior convictions for these types of offenses?

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: Do you understand that the Commonwealth has made no recommendation and will make no recommendations whatsoever with regard to any sentence that the Court may impose?

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: That statement that we won't ask for, make any recommendations also includes that the Commonwealth won't make any requests that the sentence be doubled in your case, do you understand that?

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: Do you understand that the sentencing will be entirely left to the discretion of Judge Conway?

MR. STRAIT: Yes, I do.

ATTORNEY LEHUTSKY: Now, has anybody made any promises to you in exchange to get you to enter this guilty plea other than what has been set forth in this document?

13

MR. STRAIT: No.

ATTORNEY LEHUTSKY: And do you currently, do you understand that the only promises that have been made are that the Commonwealth will ask Judge Conway for the permission to dismiss the other charges that have been filed against you in this case?

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: Has anybody threatened you in order to get you to plead guilty today?

MR. STRAIT: No.

ATTORNEY LEHUTSKY: Are you currently under the influence of any drugs, alcohol or medicine that would keep you from understanding what you're doing?

MR. STRAIT: No.

ATTORNEY LEHUTSKY: And is it your desire to enter this guilty plea today as your own free and voluntary act.

MR. STRAIT: Yes, it is.

ATTORNEY LEHUTSKY: Do you understand that you could, if you wish, have a jury trial on this entire case?

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: Are you satisfied with the representation provided by your attorney.

MR. STRAIT: Yes.

ATTORNEY LEHUTSKY: I have no further questions, Your Honor.

THE COURT: Do you have any questions?

14

ATTORNEY FARLEY: Just a few, Your Honor, if I may?  Mr. Strait, my partner, Robert Bernathy, met with you yesterday and went over this document, correct?

MR. STRAIT: Yes.

ATTORNEY FARLEY: And then this morning, you and I met again and answered any of the other questions you may have on this document, correct?

MR. STRAIT: Yes.

ATTORNEY FARLEY: And did I answer all you questions completely?

MR. STRAIT: Yes, you did.

ATTORNEY FARLEY: Did I answer all your questions to your satisfaction?

MR. STRAIT: Yes.

ATTORNEY FARLEY: Okay, do you understand that you're basically convicting yourself today and that the DA is not controlling your sentence, but this Honorable Court is going to decide what your sentence is, do you understand that?

MR. STRAIT: Yes.

ATTORNEY FARLEY: Knowing that, you still wish to plead guilty?

MR. STRAIT: Yes.

ATTORNEY FARLEY: No further questions, Your Honor.

ATTORNEY LEHUTSKY: I move for the admission of the colloquy, Your Honor.

THE COURT: It's admitted.  The plea is

15

accepted.

The written guilty plea colloquy reflects the following with respect to the
agreement on sentencing:

27.    Has your attorney or anyone else told you what
sentences you can receive for the crimes
charged against you?
Yes __✓__  No ___

\*    \*    \*

29.    If the judge accepts this plea agreement, you
will be sentenced according to the plea
agreement.  Do you understand this?
Yes __✓__  No ___

\*    \*    \*

The following are the terms of the plea agreement
reached between the District Attorney and you lawyer:
**AS TO INFORMATION NO. 0247-2002-CRIMINAL:
Defendant will plead guilty to Count No. 2:
VIOLATION OF THE CONTROLLED SUBSTANCE,
DRUG DEVICE & COSMETIC ACT (POSSESSION
WITH INTENT TO DELIVER)-{F}** and hereby agrees
to pay all costs of prosecution, payment of all
laboratory user fees, if any, make full restitution on all
counts.  At the appropriate time, the Commonwealth
will ask the Court's permission to nolle prosequi the
remaining counts in this Information.
Has your lawyer explained the terms of this plea
agreement to you?
YES __✓__  NO ___
Do you understand each and every one of the terms
of this agreement set forth above?
YES __✓__  NO ___
Do you agree with the terms of the plea agreement
set forth above?
YES __✓__  NO ___

Have any other promises or agreements been made
to you other than those set forth above in exchange
for your plea in this case?

16

YES  ___   NO  _✓_

IF YOU ARE PLEADING TO ONE CHARGE, PLEASE ANSWER THE FOLLOWING QUESTION:
Do you understand that upon the court's acceptance of your plea to Count # 2 , the Judge has the power to sentence you to a maximum penalty of 10 years and/or a $100,000 fine?
YES  _✓_  NO  ___

\* \* \*

Thus, it is clear that the petitioner was adequately advised of the terms of his plea agreement and the potential sentence(s) which he faced, which included a potential term of incarceration. It is equally clear that the petitioner entered into the plea agreement knowingly, voluntarily, and intelligently. The petitioner cannot now challenge the terms of his plea under the guise of a double jeopardy violation merely because, in hindsight, he believes that he made a bad deal. Therefore, the instant petition should be denied with respect to ground 1.

With respect to ground 2, the petitioner claims that the recidivist statute, 35 Pa.C.S.A. §780-115, was legally barred as a factor in the sentence imposed. In considering this claim, citing to Commonwealth v. Jones, 858 A.2d 1198, 1204 (Pa.Super. 2004), the Pennsylvania Superior Court found that this was a challenge to the discretionary aspects of the petitioner's sentence and, therefore, should have been raised in a post-sentence motion or during the sentencing proceedings.  Because the petitioner did not raise this challenge at either level, the court found that he failed to preserve his challenge and considered it waived pursuant to Pa.R.Crim.P. 720.  The

petitioner has, therefore, procedurally defaulted on this claim in the state court.  He has failed to establish cause for his procedural default.  Because the petitioner has failed to establish cause for his default, the issue of prejudice need not be considered.  Moreover, the miscarriage of justice exception is available only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).  Here, the petitioner has admitted his guilt. Therefore, the petition should be dismissed with respect to ground 2.

With respect to grounds 3 and 4 raised in the instant petition, in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), the Pennsylvania Supreme Court set forth a general rule that a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review." Id. at 738.  The Grant court stated that the rule applies to "those cases currently pending on direct appeal where the issues of ineffectiveness have been properly raised and preserved," but "has no effect on cases currently pending on collateral review." Id. at 738-39, n.16.  At the time Grant was decided, the petitioner's appeal was pending on direct appeal. Therefore Grant is applicable to his case.  In fact, relying on Grant, the Pennsylvania Superior Court dismissed the petitioner's claims of ineffective assistance of counsel without prejudice to his raising those claims in a properly filed post-conviction petition.  The petitioner has not raised his claims of ineffective assistance of

18

counsel in a post-conviction petition.   He has now, however, procedurally defaulted on his claims.   Pursuant to the Pennsylvania Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §9545, et seq., petitions for collateral review may be filed within one year of the date judgment becomes final.   In this case, the petitioner's judgment of sentence became final on October 5, 2005, when the Pennsylvania Supreme Court denied his petition for leave to appeal. The petitioner would have to had filed his petition for collateral review on or before October 5, 2006.  The petitioner did not file a PCRA petition prior to this date. Therefore, he has procedurally defaulted on his claims of ineffective assistance of counsel.   The petitioner has failed to establish cause for his procedural default.   Therefore, grounds 3 and 4 of the instant petition should be dismissed[4].

Further, the petitioner has not exhausted his state court remedies with respect to Ground 5.  In order exhaust a claim, the petitioner must present the claim for every level of state court review.  Duncan v. Henry, 513 U.S. 364, 365 (1995)(quoting Picard v. Conner, 404 U.S. 270, 275 (1971)).  Because the petitioner only raised ground 5 in his petition for leave to appeal in the Pennsylvania Supreme Court the claim has not been exhausted and should be dismissed.

---

[4]The court notes that the time limitations of the PCRA are not tolled during federal habeas review. Commonwealth v. Fahy, 737 A.2d 214, 222-23 (Pa. 2002).  Thus, the fact that the petitioner had the instant action pending past the PCRA limitations period does not constitute cause to excuse his procedural default.

Finally, the petitioner has procedurally defaulted on the remaining grounds 6, 7, and 8, in the state court by failing to comply with Rule 2116 of the Pennsylvania Rules of Appellate Procedure.  The petitioner has failed to allege sufficient cause for his procedural default.  To this extent, he argues that his stand-by counsel was ineffective for failing to cure the procedural defects in his statement of questions, which resulted in the Pennsylvania Superior Court not considering the majority of his claims.  With respect to the petitioner's argument, although an accused has the right to counsel, he also has the right to represent himself, if the choice is made knowingly, intelligently, and voluntarily.  Faretta v. California, 422 U.S. 806 (1975).  An accused does not have the right to "hybrid representation."  McKaskle v. Wiggins, 465 U.S. 168, 183 (1984)("A defendant does not have a constitutional right to choreograph special appearances by counsel.")  In other words, a defendant who has voluntarily and knowingly waived his right to counsel and is representing himself does not have a Sixth Amendment right to have an attorney serve as co-counsel or stand-by counsel.  See e.g., U.S. v. Schwyhart, 123 Fed.Appx. 62, 68 (3d Cir. 2005)(non-precedential)(citing McKaskle v. Wiggins, 465 U.S. at 183).  Thus, the fact that the court appointed the petitioner stand-by counsel to assist him with procedural matters does not change the outcome since there is no constitutional right to stand-by counsel.  See United States v. Morrison, 153 F.3d 34, 55 (2d Cir.1998), quoting United States v. Schmidt, 105 F.3d 82, 90 (2d Cir.1997)

("We have held that 'there is no constitutional right to hybrid representation . . . where [the defendant] shared the duties of conducting her defense with a lawyer.'").  Given this, the petitioner has failed to allege sufficient cause for his procedural default in the state court and grounds 6, 7, and 8 of the instant petition should be dismissed.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be  **DENIED** with respect to ground 1, and **DISMISSED** in all other respects.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:**  May 10, 2007

O:\shared\REPORTS\2005 Reports\05-2611.01.wpd

21