IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ALLEN STRAIT, JR., | : | |
| | : | Civil Action No. 4:CV-05-2611 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| JEFFREY A. BEARD, Secretary of | : | |
| Pennsylvania Department of | : | |
| Corrections, and ATTORNEY | : | |
| GENERAL OF PENNSYLVANIA. | : | |
| | : | (Magistrate Judge Mannion) |
| Respondents. | : | |

**M E M O R A N D U M**

June 26, 2007

**BACKGROUND:**

On December 19, 2005, petitioner, Charles Allen Strait, Jr. filed the instant

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with the

proper filing fee.  In his petition, Strait names two defendants: 1) Jeffrey A. Beard,

Secretary of the Pennsylvania Department of Corrections and 2) the Attorney

General of Pennsylvania.  Strait complains of his 2002 Pennsylvania state

conviction and sentence for possession with intent to deliver cocaine.

The matter was initially referred to United States Magistrate Judge Malachy

E. Mannion.  On December 28, 2005, the magistrate judge issued an order in

1

accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), directing petitioner to file a notice of election. On January 9, 2006, petitioner filed his notice of election in which he indicated that he wished to proceed with his petition as filed.

On February 9, 2006, respondents file a response to the petition. (Rec. Doc. No. 14.) On February 23, 2007, petitioner filed a traverse. (Rec. Doc. No. 17.) On May 10, 2007, the magistrate judge issued a twenty-one page report recommending that the petition be denied. (Rec. Doc. No. 20.)

On May 22, 2007, petitioner filed objections to the magistrate judge's report and recommendation. (Rec. Doc. No. 21.) Thus, the matter is ripe for disposition. Now, for the following reasons, the court will adopt the magistrate judge's report to the extent it is consistent with this opinion, and we will dismiss the petition.

**DISCUSSION:**

## I.  Relevant Legal Standard

A district court reviews <u>de novo</u> those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Yet, we may only reach the merits of a petitioner's federal claims if each claim in his petition (1) has been exhausted in the state courts, and (2) is not procedurally defaulted.  28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393 F.3d 373, 379-81 (3d Cir. 2004).

Exhaustion is required because it gives the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)) (internal quotations and additional citations omitted).  It is designed to protect the state court's role in enforcement of federal law and to prevent disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 515 (1982).  Yet, it is only applicable when there may still be some opportunity to present the claim to the state court.  Therefore, even if a state court remedy is no longer available because of a failure to comply with a deadline set for seeking review, that claim is technically exhausted.  Gray v. Netherland, 518 U.S. 152, 161

(1996).

Yet, even if a claim has been exhausted, it may nevertheless be procedurally defaulted if a state court has been presented with a federal claim but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Harris v. Reed</u>, 489 U.S. 255, 260-64 (1989).  A federal court should only review the merits of procedurally defaulted claims if the petitioner demonstrates "cause and prejudice" or if failing to do so would cause a "fundamental miscarriage of justice."  <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999) (quoting <u>Coleman</u>, 501 U.S. at 750).

## II.  Petitioner's Claims

Petitioner sets forth eight different claims in support of his petition.  His first claim is that the trial court erred as a matter of law by imposing two punitive sentences for one offense in violation of the Double Jeopardy Clause.  (Rec. Doc. No. 1, at 4.)  His second claim is that the recidivist statute that was applied to enhance his sentence was legally barred from being a factor in the sentence imposed.  (<u>Id.</u>)  His third and fourth claims are ineffective assistance of counsel claims.  (<u>Id.</u>)  His fifth claim is that the state appellate court erred by not considering all issues raised on direct appeal.  (<u>Id.</u>)  His sixth claim is that the

prosecutor violated the terms of the plea agreement.  (Id.)  His seventh claim is that

the sentencing court erred by not recusing itself for bias.  (Id.)  Finally, his eighth

claim is that the sentencing court abused its discretion by imposing an illegal

sentence in violation of due process.  (Id.)

## A.  Ground One:  Double Jeopardy

Petitioner's first claim is that the sentencing court erred as a matter of law by

imposing two punitive sentences for one offense in violation of the Double

Jeopardy Clause.  (Id.)  Specifically, the petitioner argues that the amount of

money he was ordered to pay constitutes a sentence.  (Id.)  Additionally, he argues

that his term of imprisonment is also a sentence.  (Id.)  Therefore, he received two

sentences for one crime and this violates the Double Jeopardy Clause.  (Id.)

The magistrate judge recommended that this claim be denied.  After

reviewing the transcript of the plea colloquy, the magistrate judge concluded that

petitioner entered into his plea agreeing to pay a monetary penalty.  (Rec. Doc. No.

20, at 11.)  Furthermore, it was explained to petitioner at the plea that he could face

imprisonment of up to ten years as a result of his plea, and petitioner

acknowledged that he understood.  (Id.)  Therefore, the plea was made knowingly,

voluntarily, and intelligently and the sentence did not violate the Double Jeopardy

Clause.  (Id.)

The petitioner has objected to this recommendation.  Specifically, petitioner argues that the magistrate judge's recommendation means that a court can impose two punitive sentences for a single offense as long as the prosecutor has told the defendant that the "court can violate his rights in this fashion if it so chooses." (Rec. Doc. No. 21, at 2.)  Furthermore, he reiterates his argument that the amount of money he was ordered to pay was a "punitive monetary penalty and not a remedial restitution."  (Id. at 5.)

We agree with the magistrate judge that this claim should be denied but not entirely for the same reasons.  The Double Jeopardy Clause affords two protections.  First, it protects against a second prosecution for the same offense after an acquittal or a conviction.  United States v. DiFrancesco, 499 U.S. 117, 144 (1980) (citing Green v. United States, 355 U.S. 184, 187 (1957)).  Second, it protects against multiple punishments for the same offense.  Id. (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969).   Thus, the critical question in the instant case is whether petitioner received multiple punishments for one offense.

The Supreme Court has detailed examples of Double Jeopardy violations based on multiple punishments for the same offense.  In this case, the relevant example of multiple punishment is receiving a term of imprisonment and fine for an offense punishable by imprisonment or fine.  Id. (citing In re Bradley, 318 U.S.

6

50 (1943).  Thus, even if petitioner is correct that money he was ordered to pay is a fine and not restitution, this would not constitute a violation of the Double Jeopardy Clause if the statute permits imprisonment <u>and</u> a fine.

Petitioner pled guilty to one count of possession with intent to distribute a controlled substance in violation of 35 P.S. § 780-113(a)(30).  The penalty for such a violation when the substance involved is crack, which is what petitioner agreed to in his plea, is "imprisonment not exceeding ten years, or to pay a fine not exceeding one hundred thousand dollars [], <u>or both</u>."  <u>Id.</u> § 780-113(f)(1.1) (emphasis added).  Thus, the statute clearly authorizes the imprisonment <u>and</u> fine. More simply put, petitioner received only one sentence in the instant case, and that sentence consisted of a fine and imprisonment.  Therefore, we find that there was no violation of the Double Jeopardy Clause and we will reject petitioner's first claim.

### B.  Ground Two: Use of the Recidivist Statute

Petitioner's second claim is that the recidivist statute that was applied in his case was "legally barred as a factor in the sentence imposed."  (Rec. Doc. No. 1, at 10.)  Specifically, he argues that the recidivist statute allows for the doubling of the statutory sentence but the prosecutor must choose to invoke it, not the court.  (<u>Id.</u>) Furthermore, petitioner argues that the prosecutor breached the portion of the plea

agreement in which the prosecutor agreed not to make any recommendation as to petitioner's sentence when he agreed with the court that the sentence could be doubled because of the recidivist statute.  (Id. at 10-11.)

The magistrate judge recommended that this claim be dismissed because petitioner had procedurally defaulted on this claim.  (Rec. Doc. No. 20, at 17-18.) Specifically, he found that the Pennsylvania Superior Court rejected this argument because it was a challenge to the discretionary aspects of petitioner's sentence and therefore should have been raised at sentencing or in a post-sentence motion according to Rule 720 of the Pennsylvania Rules of Civil Procedure.  (Id.) Therefore, the magistrate judge found that this claim was procedurally defaulted and should be dismissed.

Petitioner has objected to this recommendation.  Specifically, petitioner argues that whether the recidivist statute was legally barred is not a discretionary aspect of his sentence but rather a due process issue.  (Rec. Doc. No. 21, at 16.) Furthermore, he reiterates his argument that only the prosecutor can invoke the recidivist enhancement and that the prosecutor in this case specifically agreed not to invoke it in the plea agreement.  (Id. at 17.)

We agree with the magistrate judge's conclusion that petitioner has procedurally defaulted on this argument.  The state court concluded that in order to

8

preserve this argument for appeal, he had to raise it at sentencing or in a post-sentence motion.  Thus, this is a clear example of a state court refusing to review the merits of the claim due to a state procedural rule.

Furthermore, even reviewing the merits of petitioner's argument, it is easily rejected.  To the extent that petitioner argues that only the prosecutor can invoke the recidivist statute, we disagree.  35 P.S. § 780-115 states that "any person convicted of a second or subsequent offense . . . may be imprisoned for a term up to twice the term otherwise authorized."  It does not discuss any requirement that this statute can only be applied upon a prosecutor's initiative.  Furthermore, we note that at petitioner's plea, he was warned that "the law provides that [the court] may impose a term of imprisonment twice what was authorized because you had prior convictions for these types of offenses."  (Tr. of Guilty Plea, August 22, 2002, at 5.)  Petitioner responded that he understood.  (Id.)  Thus, the court had authority to apply the recidivist statute and the petitioner was warned that it may do so prior to his pleading guilty.

To the extent that petitioner argues that the prosecution breached its plea agreement not to recommend a specific sentence, this argument is also without merit.  The prosecution did not breach this agreement when it responded "yes" to the court's question about whether the court had the ability to impose a sentence of

9

twice what was authorized.  The prosecution was simply answering the court's

question, not recommending that the court actually do so.  If the prosecutor had

answered "no" to this question, he or she would have been making a

misrepresentation to the court.  Therefore, we will reject petitioner's second claim.

### C.  Ground Three:  Ineffective Assistance of Counsel

Petitioner's third claim is that he received ineffective assistance of counsel at

numerous stages of the criminal proceedings.  (Rec. Doc. No. 1, at 13-14.)  His

fourth claim is that his failure to raise several issues complained of in ground two

of his petition at sentencing or in a post-sentence motion was due to his ineffective

assistance of counsel.  (Id., at 17.)

In considering these claims, the magistrate judge noted that petitioner had

raised these ineffective assistance of counsel claims on direct appeal, but the

appellate court refused to consider them because the Pennsylvania Supreme Court

had created a rule that ineffective assistance of counsel claims should not be raised

until the collateral review process.  (Rec. Doc. No. 20, at 18.)  Furthermore, the

magistrate judge determined that petitioner had failed to file state collateral review

proceedings and that the time for doing so had passed, thereby causing a

procedural default on these claims.  (Id. at 18-19.)

Petitioner argues in his objections that his ineffective assistance of counsel

claims were not procedurally defaulted because he raised them properly on direct appeal.  (Rec. Doc. No. 21, at 22.)  Furthermore, he argues that such arguments are properly raised on direct appeal when the ineffectiveness is plain on the face of the record, and cites to the case of United States v. Dooley, 54 Fed. Appx. 52 (3d Cir. 2002), to support this conclusion.  (Id.)

We agree with the magistrate judge that these claims should be dismissed. First, we reject the petitioner's reliance on Dooley.  In that case, the Third Circuit was dealing with a defendant on direct appeal after a federal conviction.  54 Fed. Appx. at 53.  Therefore, the court was applying federal law.  In the instant case, whether petitioner should raise his ineffective assistance of counsel claims on direct appeal or by state collateral review is entirely a question of state law.  In Commonwealth v. Grant, the Pennsylvania Supreme Court held that as a general rule, a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review.  572 Pa. 48, 67, 813 A.2d 726, 738 (2002). Furthermore, the court noted that ineffectiveness claims will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to do so.  Id.   Relying on Grant, the appellate court dismissed petitioner's ineffectiveness claims without prejudice to his right to raise them on collateral review.  Thus, when petitioner failed to raise his ineffectiveness claims on state

11

collateral review, he procedurally defaulted on them.  See Farrell v. Lane, 939 F.2d 409, 411 (7th Cir. 1991) (ruling that petitioner who raised ineffective assistance of counsel claim in post-conviction petition but then failed to appeal the denial of the petition had procedurally defaulted on the claim); Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (same); Stojetz v. Ishee, 389 F.Supp.2d 858, 913 (S.D.Ohio 2005) (same).  Furthermore, we note that there is no cause for petitioner's failure to raise this claim on collateral review.

Further, even considering the merits of petitioner's ineffective assistance of counsel claims, we find that they lack merit.  In order to establish a claim of ineffective assistance of counsel, petitioner must establish two different components.  First, petitioner must establish that counsel's performance was deficient.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  This component is satisfied by showing that counsel's performance fell below an objective standard of reasonableness.  Id. at 687-88.  Second, petitioner must show that this deficient performance prejudiced the outcome.  Id. at 687.  This component is satisfied upon a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would been different.  Id. at 694.

Petitioner argues that his counsel was ineffective based on a failure to object to the sentence on double jeopardy grounds, failure to object to the use of the

recidivist statute, and failure to object to violations of the plea agreement  (Rec. Doc. No. 1, at 13-14.)  As we have already mentioned, the sentence did not violate the Double Jeopardy Clause, the use of the recidivist statute was proper, and no breach of the plea agreement occurred.  Therefore, it would have been futile for counsel to make such challenges and counsel's performance did not fall below an objective standard of reasonableness by failing to do so.

Petitioner also argues that counsel was ineffective based on a failure to object on the basis of judicial bias.  (Id.)  Petitioner's claim of bias stems from the trial judge's remembering petitioner from an earlier case in which petitioner had been accused of distributing drugs.  (Brief of Petitioner to Pennsylvania Superior Court, Rec. Doc. No. 13, at 27-28.)  We do not find that this creates a bias requiring the judge to recuse him or herself.  Petitioner pled guilty in the present case, so it is not as though this was a bench trial and petitioner is arguing that the judge improperly used knowledge of a prior conviction to find petitioner guilty of the instant offense.  Furthermore, to the extent that the judge had knowledge when sentencing the petitioner, we note that a different judge would have also been aware of petitioner's prior criminal cases because they were listed in the presentence investigation report.  Thus, it would have been futile to object on the basis of bias.

Additionally, petitioner claims that counsel was ineffective based on counsel's performance at sentencing.  (Rec. Doc. No. 1, at 13-14.)  The statute of conviction in petitioner's case has a maximum of ten years imprisonment, and that maximum is doubled to twenty years because petitioner is a recidivist.  35 P.S. § 780-113(f)(1.1); § 780-115.  The trial court sentenced petitioner to five to ten years in prison.  Thus, the sentence was not contrary to law.  Furthermore, with respect to counsel's performance at sentencing, we note that petitioner's counsel argued for a reduced sentence due to acceptance of responsibility, presented multiple letters on behalf of petitioner, presented evidence that petitioner aided other adults with literacy, and argued that he is a drug addict with a severe addiction.  (Tr. of Sentencing, September 26, 2002, at 3-5.)  Thus, we see no basis for an ineffective assistance of counsel claim based on counsel's performance at sentencing.

Petitioner also argues that counsel was ineffective by failing to file a motion to receive credit for forty-nine days incarceration without credit.  (Rec. Doc. No. 1, at 14.)  Petitioner does not elaborate any further on this argument, and we will not give it any further consideration, especially considering that we are finding that all of these ineffectiveness claims have been procedurally defaulted, and are only considering their merits in the interest of thoroughness.

Petitioner's next ineffectiveness argument is that his standby counsel on

14

appeal was ineffective because he did not properly advise petitioner on the

procedural rules governing the filing of the appeal.  (Id. at 14.)  With respect to this

argument, petitioner argues that he received stand-by counsel for the sole purpose

of advising on deadlines and procedural rules, and then counsel failed to advise

him regarding Rule 2116 of the Pennsylvania Rules of Appellate Procedure, which

requires the statement of questions involved not to exceed one page.  (Rec. Doc.

No. 21, at 30-31.)  Even if petitioner were able to convince us that this failure by

standby counsel satisfied the first prong of Strickland, it is clear that no prejudice

exists.  Petitioner's failure to comply with Rule 2116 caused the appellate court not

to consider several more claims of ineffective assistance of counsel, as well as

petitioner's claims that a breach of the plea agreement occurred, that the court

should have recused itself for judicial bias, and that the sentencing court abused its

discretion.  As for the ineffective assistance of counsel claims, no prejudice exists

because it is clear that the court would have dismissed these claims as it did with

petitioner's other ineffective assistance of counsel claims because the rule in

Pennsylvania is that a defendant should wait to raise claims of ineffective

assistance of trial counsel until collateral review.  As for the other claims, we also

find that no prejudice exists because we are convinced that they would have been

rejected by the appellate court for the reasons we have already discussed.  There

was no breach of the plea agreement, no bias requiring recusal, and nothing

improper occurred at sentencing.  Thus, petitioner is unable to satisfy the prejudice

prong of <u>Strickland</u> with respect to this claim.

Finally, petitioner's fourth ground for relief is also an ineffective assistance

of counsel claim.  Petitioner argues that counsel's failure to object to the use of the

recidivist statute at sentencing or in a post-sentence motion was due to his

counsel's ineffectiveness.  (Rec. Doc. No. 1, at 17.)  More simply put, petitioner is

arguing that his procedural default on ground two is due to ineffective assistance of

counsel.  We have already considered the merits of this argument and rejected it.

The recidivist statute was not improperly applied in petitioner's case.  Therefore,

we find it would have been futile for counsel to challenge its use during sentencing

or in a post-sentence motion and find that this claim fails.

### D.  Ground Five:  Error by the State Appellate Court

Petitioner's fifth argument is that Pennsylvania Superior Court erred when it

refused to consider several issues petitioner raised on appeal because petitioner's

appeal did not comply with certain page limitations.  (Rec. Doc. No. 1, at 19.)

Looking more closely at this argument, it appears that petitioner actually argues

that his standby counsel was ineffective because he or she was asked to review the

brief to determine if it was in compliance with the appellate rules and failed to do

so.  (Id.)  Thus, this claim resembles the one we have just considered.

The magistrate judge concluded that petitioner had failed to exhaust his state court remedies with respect to this claim and that it should be dismissed.  (Rec. Doc. No. 20, at 19).  Petitioner has objected to this recommendation.  Petitioner argues that he appealed the Superior Court's decision to the Pennsylvania Supreme Court, thus exhausting his state court remedies.  (Rec. Doc. No 21, at 27.)

We agree with the magistrate judge to the extent he recommended that this claim be dismissed.  We find that this claim is exhausted because there is no further remedy available at the state court level.  As we have already stated, the time for filing a state post-conviction petition has passed.  Nevertheless, we find that the claim fails because it has been procedurally defaulted.  Furthermore, there is no cause for petitioner's procedural default.

Even considering the merits of petitioner's claim, we find that it must be rejected.  To the extent that petitioner is challenging the appellate court's application of Rule 2116 of the Pennsylvania Rules of Appellate Procedure, it is clear the rule was properly applied.  Rule 2116 states that the "Statement of Questions Involved" page of the appellate brief "should not ordinarily exceed 15 lines [and] must never exceed one page . . ."  Furthermore, the rule states that "[t]his rule is to be considered in the highest degree mandatory, admitting of no

exception; ordinarily no point will be considered which is not set forth in the

statement of questions involved or suggested thereby." Thus, the appellate court

did not apply the rule incorrectly when it refused to regard the issues that were

presented on pages two through five of petitioner's "Statement of Questions

Involved." To the extent that petitioner is arguing that standby counsel was

ineffective for his failure to advise petitioner as to the specifics of this rule, we just

discussed this issue in the previous section. Standby counsel was not ineffective

because there was no prejudice. As we mentioned, the arguments that the appellate

court refused to consider were destined to fail anyway. Therefore, we will reject

petitioner's fifth claim.

### E.  Grounds Six, Seven, and Eight: Violation of Plea Agreement, Failure to Recuse, and Illegal Sentence

Petitioner's sixth ground for relief is that the prosecutor violated the terms of

the plea agreement by recommending a sentence when he or she had agreed not to

recommend any sentence. (Rec. Doc. No. 1, at 22.) His seventh ground for relief

is that the sentencing court erred in not recusing itself for bias. (<u>Id.</u> at 25.) His

eighth ground for relief is that the sentencing court abused its discretion when it

imposed an illegal sentence. (<u>Id.</u> at 28.)

The magistrate judge recommended that these claims be dismissed because

petitioner had procedurally defaulted on them. (Rec. Doc. No. 20, at 20.) The

petitioner has objected, arguing that the only reason the state appellate court refused to hear these claims was because petitioner's standby counsel was ineffective in advising him of the page limitation, an argument that we have already discussed several times.  (Rec. Doc. No. 21, at 30-31).  Furthermore, he argues that because he was proceeding <u>pro se</u> on the appeal, the appellate court should have construed his appeal liberally and excused his failure to comply with a procedural rule.  (<u>Id.</u>)

We agree with the magistrate judge that these claims should be dismissed. Petitioner presented each of these three claims in his direct appeal to the Pennsylvania Superior Court.  (Brief of Petitioner to Pennsylvania Superior Court, Rec. Doc. No. 13, at 15-18.)  That court refused to rule on the merits of these claims, because petitioner had not complied with Rule 2116 of the Pennsylvania Rules of Appellate Procedure, which requires the statement of questions involved not to exceed one page.  Thus, this is a classic example of a petitioner presenting the claim to the state court but that court declined to reach the issue for procedural reasons, which constitutes a procedural default.

Even considering the merits of these claims, we have already noted several times that they fail.  There was no breach of the plea agreement, there was no bias requiring recusal, and the sentencing court did not abuse its discretion during

sentencing.  Furthermore, we reiterate that standby counsel's failure to properly

advise petitioner as to the page limitation did not cause any prejudice to petitioner.

Finally, as to petitioner's argument based on his <u>pro se</u> status, we reject this

argument for the same reason.  Even if the appellate court had excused his failure

to comply with the page limitation because of his <u>pro se</u> status, we are convinced

that the court would have rejected these claims.  Therefore, we will reject

petitioner's sixth, seventh, and eighth claims.

**<u>CONCLUSION:</u>**

For the reasons stated above, we will adopt the magistrate judge's report and

recommendation to the extent it is consistent with this opinion and we will dismiss

Strait's petition filed under 28 U.S.C. § 2254.

<u>   s/ James F. McClure, Jr.         </u>
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ALLEN STRAIT, JR.,      :

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
|                                   | : | Civil Action No. 4:CV-05-2611 |
| Petitioner,                       | : |                              |
|                                   | : |                              |
| v.                                | : | (Judge McClure)              |
|                                   | : |                              |
| JEFFREY A. BEARD, Secretary of    | : |                              |
| Pennsylvania Department of        | : |                              |
| Corrections, and ATTORNEY         | : |                              |
| GENERAL OF PENNSYLVANIA.          | : |                              |
|                                   | : | (Magistrate Judge Mannion)   |
| Respondents.                      | : |                              |

# O R D E R

June 26, 2007

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.   The report and recommendation Magistrate Judge Mannion, filed May
     10, 2007 (Rec. Doc. No. 20) is adopted to the extent consistent with
     the foregoing memorandum.

2.   Strait's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is
     dismissed.  (Rec. Doc. No. 1).

1

3.   The clerk is directed to close the case file and notify Strait that his
     petition under 28 U.S.C. § 2254 has been dismissed.

4.   There is no basis for the issuance of a certificate of appealability.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

2